UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHRISTINA KINNAMON, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 4:16-CV-00646 JAR ) |
| DITECH FINANCIAL, LLC, | ) ) |
| Defendant. | ) ) |

# MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Discovery (Doc. No. 23), Defendant's Cross-Motion for Protective Order (Doc. No. 31), and Plaintiff's Motion for Protective Order (Doc. No. 47). The motions are fully briefed and oral argument was held on November 9, 2016. At the conclusion of the argument, the Court directed the parties to meet and confer on the pending discovery matters and report to the Court regarding any remaining issues by November 16, 2016 (Doc. No. 51); the Court subsequently extended the reporting deadline to November 23, 2016 (Doc. No. 53). On November 23, 2016, the parties reported that they had reached complete or tentative agreements on many of the outstanding discovery matters (Doc. No. 54) and requested a two-week extension to continue their discussions, which the Court granted on November 28, 2016 (Doc. No. 55). The Court is now in receipt of the parties' Second Joint Status Report, filed December 12, 2016, wherein the parties advise that one discovery issue remains, namely, the parameters for search terms applicable to a sample of the class data sought by Plaintiff in her motion to compel (Doc. No. 56). The Court understands that the parties have agreed to work with a four month sample of class data as the initial step in the discovery process

(see Doc. No. 56 at 2, 4).

Plaintiff argues that Ditech is either unwilling or unable to conduct an appropriate query of the sample data for notations indicating wrong numbers and do not call requests. Ditech responds that it does not use any standardized terms to make notations of wrong numbers and do not call requests, but remains willing and able to collaborate with Plaintiff on a list of search terms. Rather than proposing any search terms, Plaintiff has requested Ditech conduct a word frequency query of the comment fields of its customer account databases to generate a report of the most commonly used words. This, Plaintiff argues, would allow her and her database expert to focus on the terminology actually used to come up with useful search terms. Ditech responds that it lacks the technology or resources to create a "word frequency" report. According to Ditech, the process of creating such a report would involve writing a software program to analyze every unique combination of letters, numbers or symbols occurring in the comments field and the total number of occurrences for each such combination, re-directing employees from daily operations to oversee and perform the task, and possibly hiring a contractor to assist the team. In further response, Ditech argues that Plaintiff's request violates the Sedona Principles[1] governing database discovery, which provide that before electronic information may be ordered produced, it must be "reasonably available to the responding party in the ordinary course of business."

It appears based on the parties' filings that there are search terms that can be utilized for Plaintiff to obtain necessary information, such as "DNC," "wrong number," "stop," etc. In order to move the parties forward with their agreed sampling process, the Court will direct Plaintiff to

---

[1] See The Sedona Principles-Second Edition: Best Practices Recommendations and Principles for Addressing Electronic Document Production (2d ed. 2007), http://www.thesedonaconference.org (last visited Dec. 16, 2016).

submit a list of proposed search terms for Ditech to search its databases and provide information to Plaintiff. If the resulting information is inadequate, and Plaintiff can show good cause for further search efforts, then the Court will reconsider its ruling. At this point, however, the Court will not require Ditech to take extraordinary measures to create and produce a "word frequency" report or to allow Plaintiff's expert to access Ditech's database to query the data himself. Plaintiff's motion to compel will, therefore, be granted in part and denied in part.

Based on the parties' representation that they have reached agreement on the other pending discovery matters, Ditech's cross-motion for protective order and Plaintiff's motion for protective order will be denied as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery [23] is **GRANTED** in part and **DENIED** in part in accordance with the parties' agreements and the Court's rulings herein.

**IT IS FURTHER ORDERED** that Defendant's Cross-Motion for a Protective Order [31] and Plaintiff's Motion for Protective Order [47] are **DENIED** as moot.

Dated this 16th day of December, 2016.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**